IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN GUCCIARDI and REGINA GUCCIARDI, h/w, | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| | : | NO. 12-932 |
| BONIDE PRODUCTS, INC., LOWE'S COMPANIES, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, LOWE'S, LOWE'S d/b/a LOWE'S OF NORTH WILMINGTON DELAWARE, NATIONWIDE CHEMICAL PRODUCTS, INC., and NCP OF NORTHWEST OHIO, INC., | : : : : : : : : | |
| Defendants. | : : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                      May 14, 2012

      Currently pending before the Court is a Motion by Plaintiffs Steven Gucciardi and Regina Gucciardi for Remand. For the following reasons, the Motion is denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

      The present matter is a products liability action brought by Plaintiffs Steven Gucciardi and Regina Gucciardi, husband and wife, (collectively "Plaintiffs") against Defendants Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse, Lowe's, and Lowe's d/b/a Lowe's of North Wilmington Delaware (collectively the "Lowe's Defendants"), as well as Defendants Bonide Products, Inc., Nationwide Chemical Products, Inc., and NCP of Northwest Ohio, Inc. According to the Complaint, Plaintiff Stephen Gucciardi went to a Lowe's store in

Wilmington, Delaware and purchased Bonide Termite & Carpenter Ant Control ("the product"), a spray aerosol that promised to quickly kill termites, carpenter ants, and other wood-infesting insects. (Compl. ¶¶ 8–9.) The product was for usage inside and outside of Plaintiffs' former residence at 87 Carter Way, Glen Mills, Pennsylvania 19342. (Id. ¶ 9.) On January 23, 2010, Mr. Gucciardi properly applied the product in the basement of Plaintiffs' residence. (Id. ¶ 10.) A short time after application of the product, Mr. Gucciardi began to feel sick, including suffering headaches, nausea, agitation, dizziness, fatigue, and profuse sweating. (Id. ¶ 11.) He removed himself from the house and, within two days, his symptoms began to abate. (Id.) Regina Gucciardi entered the house after her husband used the product and she likewise experienced the same symptoms as her husband, with the addition of eye irritation, burning lips, and other symptoms. (Id. ¶ 12.) Thereafter, on multiple occasions, plaintiffs re-entered their home, suffering similar symptoms each time. (Id. ¶ 13.) As such, they were forced to vacate the premises. (Id.)

Plaintiffs retained the services of a remediation company that thoroughly cleaned all areas of the house, including sealing the area of the product application, in attempt to make their home once again habitable. (Id. ¶ 14.) These efforts were unsuccessful and the residence remains contaminated in a manner that triggers painful symptoms when Plaintiffs re-enter the property. (Id.) In addition, Plaintiffs' exposure to the product has caused them to develop a sensitivity to many other products and chemicals and to sustain serious and permanent injuries. (Id. ¶¶ 15–16.)

Plaintiffs initiated litigation against all Defendants in the Philadelphia County Court of Common Pleas on January 17, 2012, alleging strict liability, negligence, breach of warranty, and loss of consortium. On February 22, 2012, Defendant Lowe's Home Centers, Inc. filed a Notice

of Removal Action. As a result, the matter was removed to the United States District Court for the Eastern District of Pennsylvania. On March 23, 2012, Plaintiffs filed the present Motion to Remand the case, to which the Lowe's Defendants responded on April 4, 2012. The Court now turns to the merits of this Motion.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). If the court determines that it lacks federal subject matter jurisdiction, remand is mandatory and can occur at any time during the litigation. Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal

under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). "Upon a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)); see also Boyer, 913 F.2d at 111 (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III. DISCUSSION

In the current Motion, Plaintiffs do not contest this Court's subject-matter jurisdiction, which apparently rests on diversity grounds under 28 U.S.C. § 1332.[1] Rather, they seek remand based on a purely procedural defect. Specifically, Plaintiffs argue that Defendants failed to comply with the "unanimity rule" because Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse has neither joined in the notice of removal nor otherwise consented to the removal.

The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants." 28 U.S.C. § 1441(a). Section 1446,[2] which governs removal, "has

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

[2] This statute states, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

been construed to require that when there is more than one defendant, all must join in the removal petition." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 559 (D.N.J. 2009).  This requirement that all defendants agree to the removal is known as the "unanimity rule." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 & n.4 (3d Cir. 1995).  Unanimity may be expressed by defendants either jointly filing the notice of removal or consenting to the removal by separate filing.  Weinrach v. White Metal Rolling & Stamping Corp., No. Civ.A.98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999).  "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous *written* evidence of consent to the court in timely fashion." Michaels v. New Jersey, No. Civ.A.96-3557, 1996 WL 787613, at *5 (D.N.J. Nov. 8, 1996) (emphasis in original).  The rule does not apply to any defendant which was not served or is not otherwise in receipt of the complaint at the time of removal.  Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003).  "[T]he failure of all defendants to remove creates a 'defect in removal procedure' within the meaning of § 1447(c)," but is not jurisdictional.  Balazik, 44 F.3d at 213; see also McGlinchey v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989)).[3]

     In the present case, Daniel Krebbs, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, entered his appearance on behalf of Defendant Lowe's Home Centers, Inc. on January

---

28 U.S.C. § 1446(b)(2)(A).

[3] This Court takes note that there are relatively few appellate cases addressing issues of remand because 28 U.S.C. § 1447(d) provides, with limited exceptions, that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

26, 2012.  (Pl.'s Mot. to Remand, Ex. 5.)  According to Plaintiffs, Mr. Krebbs did not enter his appearance for Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse.  Thereafter, on February 22, 2012, Defendant Lowe's Home Centers, Inc. filed a "Notice of Removal Action."  Plaintiffs now contend that the Notice was defective in that Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse did not file a written consent or joinder to the removal of the action.  As such, Plaintiffs seek remand of the case to state court.

Upon reviewing the present evidentiary record, however, the Court finds that the unanimity rule has, in fact, been satisfied.  Primarily, as Defendants point out, there is no "Lowe's Companies, Inc. d/b/a Lowe's of North Wilmington, Delaware."  Rather, there is a Lowe's Companies, Inc., which does not operate any Lowe's retail store in Wilmington, and a Lowe's Home Centers, Inc., which does operate the Lowe's of North Wilmington, Delaware.  (Answer ¶¶ 3–5.)  More importantly, Attorney Daniel Krebbs entered his appearance on behalf of *all* of the Lowe's Defendants in this lawsuit, as follows:

> Kindly enter my appearance on behalf of Defendant, Lowe's Home Centers, Inc. (incorrectly identified as "Lowe's" and "Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse", and "Lowe's d/b/a Lowe's of North Wilmington Delaware") in the above-referenced matter.

(Defs.' Resp. Opp'n Mot. to Remand, Ex. B.)  The February 22, 2012 Notice of Removal was subsequently signed by Mr. Krebbs on behalf of "Lowe's Home Centers (incorrectly identified as 'Lowe's' and 'Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse', and 'Lowe's d/b/a Lowe's of North Wilmington Delaware.'" (Id. at Ex. D.)  That removal stated that "[a]ll defendants consent to this application for removal," and included written consent from

Nationwide Chemical Products, Bonine Products, Inc, and NCP of Northwest Ohio, Inc.  (Id.) The docket for the United States District Court for the Eastern District of Pennsylvania currently reflects that Mr. Krebbs represents all of the Lowe's Defendants named by Plaintiff in this lawsuit and that the Notice of Removal was filed by Lowe's and Lowe's Companies, Inc.  (Id. at Ex. E.)

     In sum, the Court finds that all Defendants have appropriately consented to removal to this Court.  Accordingly, the Motion for Remand will be denied and the case will be retained in federal court.