# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GUCCIARDI and REGINA GUCCIARDI, h/w, | : <br> : <br> : CIVIL ACTION |
| Plaintiffs, | : |
| v. | : <br> : NO. 12-932 |
| BONIDE PRODUCTS, INC., LOWE'S COMPANIES, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, LOWE'S, LOWE'S d/b/a LOWE'S OF NORTH WILMINGTON DELAWARE, NATIONWIDE CHEMICAL PRODUCTS, INC., and NCP OF NORTHWEST OHIO, INC., | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                    January 15, 2013

Currently pending before the Court is a Motion by Defendant Nationwide Chemical Products for Summary Judgment. For the following reasons, the Motion is denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The present matter is a products liability action brought by Plaintiffs Steven Gucciardi and Regina Gucciardi, husband and wife, (collectively "Plaintiffs") against Defendants Lowe's Companies, Inc. d/b/a Lowe's Home Improvement Warehouse, Lowe's, and Lowe's d/b/a Lowe's of North Wilmington Delaware (collectively the "Lowe's Defendants"), as well as Defendants Bonide Products, Inc., Nationwide Chemical Products, Inc., and NCP of Northwest Ohio, Inc. According to the Complaint, Plaintiff Stephen Gucciardi went to a Lowe's store in

Wilmington, Delaware and purchased Bonide Termite & Carpenter Ant Control ("the product"), a spray aerosol that promised to quickly kill termites, carpenter ants, and other wood-infesting insects. (Compl. ¶¶ 8–9.) The product was for usage inside and outside of Plaintiffs' former residence at 87 Carter Way, Glen Mills, Pennsylvania 19342. (Id. ¶ 9.) On January 23, 2010, Mr. Gucciardi properly applied the product in the basement of Plaintiffs' residence. (Id. ¶ 10.) A short time after application of the product, Mr. Gucciardi began to feel sick and started suffering headaches, nausea, agitation, dizziness, fatigue, and profuse sweating. (Id. ¶ 11.) He removed himself from the house and, within two days, his symptoms began to abate. (Id.) Regina Gucciardi entered the house after her husband used the product and she likewise experienced the same symptoms as her husband, with the addition of eye irritation and burning lips. (Id. ¶ 12.) Thereafter, on multiple occasions, plaintiffs re-entered their home, suffering similar symptoms each time. (Id. ¶ 13.) As such, they were forced to vacate the premises. (Id.)

Plaintiffs retained the services of a remediation company that thoroughly cleaned all areas of the house, including sealing the area of the product application, in attempt to make their home once again habitable. (Id. ¶ 14.) These efforts were unsuccessful and the residence remains contaminated in a manner that triggers painful symptoms when Plaintiffs re-enter the property. (Id.) In addition, Plaintiffs' exposure to the product has caused them to develop a sensitivity to many other products and chemicals and to sustain serious and permanent injuries. (Id. ¶¶ 15–16.)

Plaintiffs initiated litigation against all Defendants in the Philadelphia County Court of Common Pleas on January 17, 2012, alleging strict liability, negligence, breach of warranty, and loss of consortium. On February 22, 2012, Defendant Lowe's Home Centers, Inc. filed a Notice of Removal Action. As a result, the matter was removed to the United States District Court for

the Eastern District of Pennsylvania.

On November 5, 2012, Defendant Nationwide Chemical Products, Inc. ("Nationwide") filed a Motion for Summary Judgment. Both Plaintiffs Steven and Regina Gucciardi and Defendant Bonide Products, Inc. ("Bonide") filed Responses on December 10, 2012. The Court now turns to the merits of this Motion.

## II. DISCUSSION

Defendant Nationwide Chemical Products ("Nationwide") seeks summary judgment as to the Complaint against it based on Ohio Revised Code § 1701.88. This statute provides that:

> The voluntary dissolution of a corporation, cancellation of the articles of a corporation, expiration of the period of existence of a corporation, appointment of a receiver to wind up the affairs of the corporation, or other action to dissolve a corporation under this chapter shall not eliminate or impair any remedy available to or against the corporation or its directors, officers, or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if either of the following brings such an action:
> (1) The corporation within the time limits otherwise permitted by law;
> (2) Any other person before five years after the date of the dissolution or within the time limits otherwise required by section 1701.881 of the Revised Code or any other provision of law, whichever is less.

Ohio Rev. Code Ann. § 1701.88(B). Nationwide argues that it was formed in the State of Ohio on March 1, 1996 and dissolved on November 26, 2003. (Def. Nationwide Mot. Summ. J., attached exhibits.) The present lawsuit against it, however, was not commenced until January 17, 2012, more than five years after the date of dissolution. Accordingly, Nationwide contends that, pursuant to the controlling state statute—which is entitled to "full faith and credit" under article IV, § 1 of the United States Constitution—the current suit is barred.

Nationwide's argument, however, misses one crucial point. The cited statute did not go into effect until May 4, 2012. The uncodified portion of the statute states that,

"[n]otwithstanding any other provision of Chapter 1701 of the Revised Code to the contrary, the provisions of division (B)(2) of section 1701.88 of the Revised Code, as amended by this act, shall only apply to causes of action arising on or after the effective date of this act." Ohio Rev. Code Ann. § 1701.88, 2012 H 48, § 3. The alleged facts which gave rise to the present case took place on January 23, 2010, and the lawsuit was brought on January 17, 2012, both of which predate the effective date of the current statute.

The prior version of the statute in effect at the time this suit was commenced contained no clear time restriction on suits against a dissolved corporation. Rather, it stated that "[a]ny claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases, but any proceeding, execution, or process, or the satisfaction or performance of any order, judgment, or decree, may be stayed as provided in section 1701.89 of the Revised Code." Ohio Rev. Code § 1701.88(B) (1994). As interpreted by the Ohio Appellate Court:

> This does not mean . . . that a corporation remains vulnerable to unlimited litigation following its dissolution. Rather, the statute operates to restrict post-dissolution litigation to those causes of action which accrued prior to the entity's termination or would have accrued as a result of corporate actions executed prior to dissolution. Construing R.C. 1701.88(B), a federal district court supplemented the statutory language with its interpretation of the legislative intent behind the statute: "Any claim existing (not yet sued upon) or action or proceeding (already commenced) pending by or against the (dissolved) corporation or (any claim not yet sued upon or action or proceeding) which would have accrued against it (had dissolution not occurred) may be prosecuted to judgment, with right of appeal as in other cases . . ." Chadwick v. Air Reduction Co., 239 F. Supp. 237, 251 (N.D. Ohio 1965). In sum, a defunct corporation persists for the purpose of winding up its affairs and thereby remains a viable party for litigation.

Land O'Lakes, Inc. v. Nationwide Tanks, Inc., No. Civ.A.11-486, 2006 WL 2390455, at *6–7 (Ohio Ct. App. Aug. 21, 2006).

In this case, Nationwide's production/design/manufacturing/distribution of the allegedly defect product occurred when it was a viable corporation, meaning that Plaintiffs' cause of action against Nationwide would have accrued "as a result of corporate actions executed prior to dissolution." Id. As the operative version of the statute at the time of this case set no outer time limit on such actions against a dissolved corporation, the present suit is timely. In turn, Defendant Nationwide is not entitled to a grant of summary judgment.